**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL WEAVER,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF NEWARK, DETECTIVE EDWIN CARRERO, LIEUTENANT POWELL, DETECTIVE RICARDO MACIEIRA, DETECTIVE RUBEN BAEZ, DETECTIVE MATTHEW NICE, SERGEANT LUAN SERRANO, DETECTIVE RONNIE E. CRUZ, DETECTIVE JONATHAN SALAS, JANE DOES, JOHN DOES, et al.,<br><br>Defendants. | Case No. 2:26-cv-02133 (BRM) (MAH)<br><br>**MEMORANDUM ORDER** |

**THIS MATTER** is opened by the Court, *sua sponte*, upon screening the Third Amended Complaint (ECF No. 12) of *pro se* Plaintiff Michael Weaver ("Plaintiff") pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court, having reviewed Plaintiff's Third Amended Complaint, for the reasons expressed below, and for good cause shown, finds Plaintiff's claims shall continue to **PROCEED** against all individual defendants, and Plaintiff's *Monell* claim against the City of Newark is **DISMISSED WITHOUT PREJUDICE.**

On February 26, 2026, Plaintiff filed a Complaint (ECF No. 1) against Defendants City of Newark, Detective Edwin Carrero, Lieutenant Powell, Detective Ricardo Maciera, Detective Ruben Baez, Detective Matthew Nice, Sergeant Luan Serrano, Detective Ronnie E. Cruz, Detective Jonathan Salas, Jane Does, and John Does (together, "Defendants"). The Complaint was accompanied by an application to proceed *in forma pauperis* ("IFP"). (ECF No. 1-1.) On March

2, 2026, Plaintiff filed a Motion to Stay the proceedings pending the resolution of a related criminal proceeding. (ECF No. 2.) On March 3, 2026, the Court denied Plaintiff's IFP application and terminated his Motion to Stay as premature. (ECF Nos. 4, 5.)

On March 20, 2026, Plaintiff filed his First Amended Complaint (ECF No. 6) and a second IFP application (ECF No. 6-1). Plaintiff filed a second Motion to Stay the Proceedings the same day. (ECF No. 7.) On April 13, 2026, this Court granted Plaintiff's second IFP application, denied his second Motion to Stay the Proceedings as moot, and gave him leave to amend his Complaint given its deficiencies. (ECF No. 8.)

On April 20, 2026, Plaintiff filed his Second Amended Complaint (ECF No. 9) which was substantially similar to his First Amended Complaint. (*Compare* ECF No. 6 at 2–22, *with* ECF No. 8 at 2–22.) On April 23, 2026, the Court granted Plaintiff leave to file a Third Amended Complaint by May 18, 2026. (ECF No. 11.)

On May 21, 2026, Plaintiff filed his Third Amended Complaint. (ECF No. 12.) He asserts claims under 28 U.S.C. § 1983 against Defendants alleging violations of his rights under the Fourth Amendment to the United States Constiution. Specifically, Plaintiff claims he was singled out to be searched without probable cause or reasonable suspicion, subjected to invasive, repetitive, and inappropriate strip searching, and that he suffered the impoundment and dismantling of his vehicle. (ECF No. 12 ¶¶ 23–32.) He also alleges municipal *Monell* liability against the City of Newark and supervisory liability. (*Id.* ¶¶ 32–40.)

Because Plaintiff is proceeding IFP, his Third Amended Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, the Court is required to dismiss any claims which are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a

complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In evaluating whether a plaintiff has successfully pleaded a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Although "a complaint . . . does not need detailed factual allegations," a plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

For claims to survive the Rule 12(b)(6) inquiry "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than 'an unadorned, the defendant-harmed-me accusation" must be pled; it

must include "factual enhancement[s]" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

Plaintiff's *Monell* allegations are insufficiently pleaded. Generally, local governments are not liable for constitutional torts solely based on a theory of *respondeat superior*. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Rather, municipal liability will attach "when [a municipality] causes a constitutional violation through the implementation of a policy, custom, or practice." *Wolf v. Escala*, Civ. A. No. 14-5985, 2015 WL 2403106, at *17 (D.N.J. May 20, 2015) (citing *Monell*, 436 U.S. at 691); *see also Liberty & Prosperity 1776, Inc. v. Corzine*, Civ. A. No. 08-2642, 2009 WL 537049, at *13 (D.N.J. Mar. 3, 2009) (applying *Monell* to § 1981, § 1983, § 1985, and § 1986 claims). A policy or custom can be established when: (1) "a decision maker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict"; or (2) a course of conduct is "so permanent and well settled as to virtually constitute law." *Berg v. Cnty. of Allegheny*, 219 F.3d 261, 275 (3d Cir. 2000).

Plaintiff's *Monell* allegations are conclusory because he does not allege any facts to support finding that his alleged constitutional violations arose out of any systemic policy or practice. (*See*

ECF No. 12 ¶¶ 33–38.) Therefore, his *Monell* claim against the City of Newark is dismissed without prejudice.

However, Plaintiff's § 1983 allegations against the individual Defendants are sufficient at this stage. "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1987). A plaintiff may establish supervisory liability under § 1983 by showing personal liability based on the supervisor participating in the violation of the plaintiff's rights, directing others to violate the plaintiff's rights, or having knowledge of and acquiescing to a subordinate's conduct. *Doe v. New Jersey Dep't of Corr.*, Civ. A. No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015). "Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." *Rode*, 845 F.2d at 1207. "Only those defendants whose inactions or actions personally caused [Plaintiff's] injury may be held liable under § 1983." *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1147 (3d Cir. 1990).

The Court finds Plaintiff's Third Amended Compliant, all documents taken together and viewed in the light most favorable to the Plaintiff, alleges factual circumstances sufficient to support the claim that individual defendants either directed or performed an unlawful search and seizure of Plaintiff's person and vehicle in violation of his rights under the Fourth Amendment. (*See* ECF No. 12 ¶¶ 11–32.) Therefore, Plaintiff's claims shall proceed against all individual defendants.

Accordingly, and for good cause appearing,

**IT IS** on this 12th day of November 2026,

**ORDERED** that the matter shall be **REOPENED**; and it is further

**ORDERED** that Plaintiff's *Monell* liability claims are **DISMISSED WITHOUT PREJUDICE** as to the City of Newark; and it is further

**ORDERED** that Plaintiff's claims against all individual defendants shall **PROCEED**; and it is finally

**ORDERED** that the Clerk of the Court shall send a copy of this Order to Plaintiff by regular U.S. mail.

***/s/ Brian R. Martinotti***
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**